**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **FRANCISCA A. ARIAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:18-cv-00141-O-BP** |
| | § | |
| **AMAZON FULFILLMENT,** | § | |
| **aka AMAZON.COM.KYDC, LLC,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion to Dismiss and Brief in Support (ECF No. 12) filed on

August 1, 2018 by Defendant Amazon Fulfillment aka Amazon.com.kydc, LLC ("Amazon");

Response in Opposition to Amazon's Motion to Dismiss with accompanying brief filed by

Plaintiff, Francisca A. Arias ("Arias"), on September 28, 2018 (ECF No. 18); and Amazon's

Amended Motion to Dismiss and Brief in Support (ECF No. 19) filed on February 13, 2019. The

Amended Motion is identical to the original Motion, except that it contains Exhibit A referenced

on page five of the original and amended motions.

United States District Judge Reed O'Connor referred this case to the undersigned for

pretrial management by Order entered on August 2, 2018 (ECF No. 14). After considering the

pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT**

Amazon's Amended Motion to Dismiss (ECF No. 19) in part and **DENY** it in part. He should

**DENY** Amazon's Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5)

and **GRANT** it under Rule 12(b)(6). He should **DISMISS WITH PREJUDICE** Arias's claims

under the Genetic Information Nondiscrimination Act and the Age Discrimination in Employment

1

Act, **DISMISS WITHOUT PREJUDICE** Arias's claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, and allow her an opportunity to file an amended complaint within the fourteen days allotted for objections to this recommendation. If Arias files an amended complaint repleading her claims under Title VII and the ADA, the action should be allowed to proceed on the amended complaint.

## I.    FACTUAL BACKGROUND

Arias claims that Amazon terminated her employment because of a work-related injury. (ECF No. 1 at 2). The following facts are taken from the Original Complaint. Arias's right hand suffered nerve damage, and her doctor placed her on work restrictions. (*Id.*). Afterwards, her Amazon manager retaliated against her by requiring her to remove table glue. (*Id.*). Because she had to perform this task entirely with her left hand, since her right hand was injured, her left hand also became badly injured. (*Id.*). Her doctor informed her that she would require surgery on both hands. (*Id.*).

Arias was continually scrutinized, mistreated, and harassed at work, although she never discloses by whom. (*Id.*). Despite her work-related injuries, "[Amazon] terminated [her], prolonged [her] surgery to 7 months after [her] accident[,] did not get [her] the proper care, [sic] and therapy [that she] needed." (*Id.*). Many of Arias's co-workers were in "their 20's and 30's" at the time of the events giving rise to this lawsuit "so [she] felt like [Amazon's employees] didn't care [i]f [she was] terminated . . . due to [Amazon] having so many young employee's [sic] that" could easily replace her. (*Id.*). Arias's termination led to her depression, stress, pain, suffering, and inability to find new employment or accomplish simple tasks given the status of her injured hands. (*Id.* at 2-3). Arias does not identify any of the dates when the alleged actions occurred.

On the face of her Complaint, Arias lists "Title VII of the Civil Rights Act, the Americans with Disability Act (ADA), The Genetic Information Non-Discrimination Act (GINA), or Age Discrimination Employment Act (ADEA)" in the space under the Complaint heading. On the Civil Cover Sheet that she filed along with the Complaint, she lists "Amer. w/ Disabilities – Other" in the section for her to identify the U.S. civil statute under which she was filing. (*Id.* at 4). In the section for her to state a brief description of cause, she states "[w]ould like Amazon to hear me out." Arias demands two million dollars.

Also attached to the Complaint is a letter from the Equal Employment Opportunity Commission ("EEOC") to Arias, signed on November 21, 2017, notifying her that the EEOC was "unable to conclude that the information obtained establishes violations of the statutes," and notifying her of the ninety-day deadline for her to sue based on her charge of discrimination. (ECF No. 1 at 5).

## II.    LEGAL STANDARD

### A.    *Pro Se* Standard

Courts must liberally construe the pleadings of a *pro se* party, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however [un]artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can

support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### B.    Rule 12(b)(5) Standard

A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). If the plaintiff fails to obtain service within ninety days after filing a complaint, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

### C.    Service Standard for Plaintiffs Proceeding *in Forma Pauperis*

"Special rules govern the procedure for service of process in cases involving *in forma pauperis* plaintiffs[.]" *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). Title "28 U.S.C. § 1915(c) provides that 'the officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.'" *Id.* "Once the [*in forma pauperis*] plaintiff has taken reasonable steps to identi[f]y the defendant(s), 'Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that . . . the court is *obligated* to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants . . . .'" *Id.* (emphasis added) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

"[A] plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service

4

of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). "While . . . plaintiffs proceeding in forma pauperis may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service." *Id.* "At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id.* Moreover, "[w]hat amounts to 'good cause' [for failure to effect service of process] under any particular set of circumstances is necessarily fact-sensitive." *Lindsey*, 101 F.3d at 446.

### D.    Rule 12(b)(6) Standard

To survive a motion to dismiss under the federal rules, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547).

## III.    ANALYSIS

### A.    Amazon's Motion to Dismiss Under Rule 12(b)(5) Should be Denied.

Amazon argues that Arias's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because she did not effectuate service of process within ninety days of filing her Complaint. (ECF No. 12 at 3-4). A review of the docket sheet reveals that Arias was not delinquent in effecting service on Amazon.

Arias filed her Complaint and a Motion to Proceed *in Forma Pauperis* on February 21, 2018. (*See* ECF No. 1). United States Magistrate Judge Jeffrey Cureton granted her Motion on February 22, 2018. (ECF No. 7 at 1). In his Order, Judge Cureton explained that the Court was

conducting screening under 28 U.S.C. § 1915(e)(2), and that "[n]o summons shall issue unless authorized by further order of the Court." (*Id.*). On February 26, 2018, Judge O'Connor ordered the United States Marshals Service to effectuate service of process upon Amazon, required the Clerk of Court to deliver summons forms and a copy of his Order to Arias, and directed her to return the forms to the Clerk for issuance. (ECF No. 9).

On April 3, 2018, the clerk issued summons to Amazon and delivered a copy of the summons, USM 285 Form, and a copy of the Complaint to the United States Marshals Service. (ECF No. 10). Sixty-seven days passed between the time of Judge O'Connor's February 26th Order and the time when summons was issued.Seventy-two days passed between the date Arias filed her Complaint and the date when the summons was issued, both of which were within the ninety-day deadline set out in the rules.

The United States Marshals Service, however, did not effectuate service of process upon Amazon until July 11, 2018. (ECF No. 11). Because she is proceeding *in forma pauperis*, Arias was entitled "to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon*, 828 F.2d at 1110. There is no evidence before the Court proving that Arias was responsible for the delay in service of process on Amazon. As a result, she should not be penalized for the delay in service, and Amazon's Motion to Dismiss under Rule 12(b)(5) should be denied.

### B.     Amazon's Motion to Dismiss Under Rule 12(b)(6) Should be Granted.

#### 1.     *Failure to Exhaust Administrative Remedies as to GINA and ADEA Claims*

Amazon next argues that Arias's claims under the Genetic Information Non-Discrimination Act ("GINA") and the Age Discrimination in Employment Act ("ADEA") should

be dismissed pursuant to Rule 12(b)(6) for failure to exhaust administrative remedies. In support of its argument, Amazon points to the Charge of Discrimination that Arias filed with the EEOC, which is attached to Amazon's Amended Motion as Exhibit A. (ECF No. 19-1 at 2-3). The Court considers this exhibit part of the pleadings because it directly relates to the charges made in the Complaint and the right to sue letter attached. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]").

In the Charge of Discrimination, Arias checked the boxes for discrimination based on race, national origin, retaliation, and disability. (ECF No. 19-1 at 2-3). She stated that she was injured, her physician placed her on light duty, Amazon violated those restrictions and made her perform duties that she was unable to perform, and her employment was terminated on November 13, 2015. (*Id.* at 2). She stated that she believed that she was discriminated against because of her "race/national origin (Hispanic, Salvadorian), in violation of Title VII of the Civil Rights Act of 1964, as amended" and the "Americans with Disabilities Act of 1990" and that she was "retaliated against in violation of Section 503(a) of the Americans with Disabilities Act of 1990, as amended."

Amazon is correct that Arias failed to allege that she properly exhausted her administrative remedies regarding her GINA and ADEA claims. If "an employee timely files an EEOC charge and receives a right to sue notice from the EEOC, the employee may pursue only those claims that can 'reasonably be expected to grow out of the charge of discrimination.'" *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990). "An employee's failure to include a claim in h[er] EEOC charge prevents the employee from suing on that claim, unless what was in the charge would have led the EEOC to investigate and would have put the employer on notice that [the

employee] would be pursuing that claim." *Goswami v. Unocal*, No. H-12-2953, 2013 WL 5520107, at *7 (S.D. Tex. Oct. 3, 2013).

Both in the boxes that she checked in the Charge and in the description of Amazon's alleged discrimination, Arias failed to assert any facts that would tend to prove a violation of GINA or ADEA. GINA makes it illegal for an employer to discriminate against employees or applicants because of genetic information. 42 U.S.C. § 2000ff-1 (2009). ADEA makes it illegal for an employer to discriminate against employees or applicants because of their age. 29 U.S.C. § 623 (1967). Arias's Charge of Discrimination would not put the EEOC or Amazon on notice that she complained of violations of those acts. Neither the EEOC nor Amazon would expect that GINA and ADEA claims that deal with genetic information and age discrimination grew out of Arias's claim that Amazon discriminated against her because of her "disabling" hand injuries and then wrongfully terminated her employment.

Moreover, Arias cannot remedy this situation by filing another Charge of Discrimination and attempting to exhaust her administrative remedies at this time. As noted previously, Amazon terminated her employment on November 13, 2015, and more than 300 days have passed since the last date on which Amazon could have violated her rights under GINA or ADEA. *See E.E.O.C. v. Rock-Tenn Servs. Co., Inc.*, 901 F. Supp. 2d 8109, 822 (N.D. Tex. 2012) ("Title VII requires that an employee file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory practice"); *see also* 42 U.S.C. § 2000e-5(e)(1). Accordingly, Arias's claims under GINA and the ADEA should be dismissed.

> ## 2. *Failure to State a Claim upon which Relief can be Granted as to Title VII and ADA Claims*

Amazon further argues that Arias failed to satisfy the *Twombly* pleading standard with respect to her GINA, ADEA, and Title VII claims. (ECF No. 12 at 6-8). Because Arias failed to

exhaust her administrative remedies regarding her GINA and ADEA claims, the Court will address

only her remaining claims under Title VII and the Americans with Disabilities Act ("ADA").

"Employment discrimination plaintiffs must exhaust administrative remedies before

pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir.

2002). The same is true for claimants under the ADA. *Dao v. Auchan Hypermarket*, 96 F.3d 787

(5th Cir. 1996) ("the ADA incorporates by reference the procedures applicable to actions under

Title VII, 42 U.S.C. § 2000e, *et seq.*"). Administrative exhaustion "occurs when the plaintiff files

a timely charge with the EEOC and receives a statutory notice of right to sue," *Taylor*, 296 F.3d

at 379, or when she "files a timely charge with a state or local agency with authority to grant or

seek relief from the alleged unlawful employment practice." *Dao*, 96 F.3d at 789.

The plaintiff "must file a charge of discrimination with the EEOC within 180 days of the

date of the alleged discrimination, or within 300 days of the alleged discrimination if [she]

institutes [her] action with the appropriate state agency" and "receives a statutory notice of right

to sue." *Owens v. Dallas Cty. Cmty. Coll. Dist.*, No. 3:16-CV-3162-L, 2017 WL 3190727, at *2

(N.D. Tex. May 16, 2017) (citing *Dao*, 96 F.3d at 789; 42 U.S.C. § 2000e-5(e)(1)); *see also*

*Gonzales v. Pan Am. Labs, L.L.C.*, No. 3:14-CV-2787-L, 2015 WL 5731289, at *2 (N.D. Tex.

Sept. 29, 2015) (citing *Taylor*, 296 F.3d at 378-79).

Under Title VII, the plaintiff has ninety days to file a civil action after she receives her

right to sue letter from the EEOC. *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir.

1982) (citing 42 U.S.C. § 2000e-5(f)(1) (1994)). The same time limit applies for a charge under

the ADA. *Dao*, 96 F.3d at 789. The courts strictly construe the ninety-day deadline for filing suit,

and courts in the Fifth Circuit "have repeatedly dismissed cases in which the plaintiff did not file

a complaint until after the ninety-day limitation period had expired." *Taylor*, 296 F.3d at 379.

Filing an EEOC charge is not a requirement for the Court to have jurisdiction, but it "is a precondition to filing suit in district court." *Dao*, 96 F.3d at 789.

Here, Arias administratively exhausted her Title VII and ADA claims because she timely filed a Charge of Discrimination with the EEOC on February 29, 2016, which was within 180 days of November 13, 2015, the date when Amazon terminated her employment. (ECF No. 19-1 at 12-13). In her Charge of Discrimination, Arias alleges that Amazon "discriminated against [her] because of [her] race/national origin (Hispanic/Salvadorian), in violation of Title VII of the Civil Rights Act of 1964, as amended . . . [and because of her] disability, in violation of the Americans with Disabilities Act of 1990." (*Id.*). The EEOC issued Arias a notice of right to sue letter on November 21, 2017 based upon these allegations. (ECF No. 1 at 5). Arias then initiated this lawsuit on or before the ninety-day statutory filing deadline for Title VII and ADA claims. (ECF No. 1). Therefore, the undersigned concludes that Arias administratively exhausted her Title VII and ADA claims.

"In analyzing discrimination claims under Title VII, the ADEA, and the ADA, courts in the Fifth Circuit apply the analysis set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Goswami*, 2013 WL 5520107 at *5. "The first step requires the plaintiff to make a *prima facie* showing of discrimination." *Id.* (citing *McDonnell Douglas Corp.*, 411 U.S. at 802; *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)). In a Title VII case, the plaintiff does this by showing that she: "(1) [is a member] of a protected group or class; (2) [is] qualified for [her position]; (3) suffered [an] adverse employment [action]; and (4) similarly situated individuals outside the protected class were treated more favorably." *Moore v. True Temper Sports, Inc.*, No. 1:10-CV-178-NBB-DAS, 2011 WL 4498882, at *2 (N.D. Miss. Sept. 27, 2011).

"In ADA cases, the plaintiff must establish that [s]he: (1) suffers from a disability; (2) was qualified for the job; (3) was subject to an adverse employment action; and (4) was replaced by a nondisabled person or treated less favorably than nondisabled employees." *Goswami*, 2013 WL 5520107 at \*16 (citing *Crawford v. U.S. Dept. of Homeland Sec.*, 245 F. App'x 369, 380 (5th Cir. 2007)).

A plaintiff asserting violations of Title VII or the ADA need not make a showing of each element of her prima facie case at the pleading stage. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-12 (2002)). However, the plaintiff "must set forth allegations that would enable the court to reasonably infer that [her] employer or employment agency discriminated against [her] . . . ." *Thornton v. Dallas I.S.D.*, No. 13-CV-3012-P, 2014 WL 46398, at \* 3 (Tex. N.D. Jan. 6, 2014).

Here, Arias's claims of discrimination are not sufficient to properly state a claim for violations of Title VII or the ADA. She does not allege in the Complaint that she is a member of a protected class either because of her race, color, religion, sex, or national origin. Arias hints at the fact that she may be a member of a protected class by explaining that she has "27 years of working *in this country*," and prior to working for Amazon, "had never experienced anything compared" to the treatment she allegedly received from Amazon. (ECF No. 18 at 2) (emphasis added). Arias neither alleges that she was qualified for the position she held at Amazon nor that similarly situated individuals outside of her race, color, religion, sex, or national origin were treated more favorably. (*See* ECF Nos. 1, 16, 18). Arias only alleges that she suffered an adverse employment action in that she was terminated from Amazon. (ECF No. 1 at 2-3). But, she does not bridge the causal link between her termination and Amazon's allegedly discriminatory practices. For this reason, Arias's Title VII claim does not satisfy the *Twombly* standard.

Further, Arias's ADA claim is wholly supported by conclusory allegations even after holding her pleadings to a less stringent standard. She alleges an injury to her hand, but does not claim that she was disabled at the time of her injury or when her employment was terminated. She does not allege that she was qualified for the job she held at Amazon or that she was replaced by a nondisabled person. Arias only alleges that she suffered an adverse employment action in that she was terminated by Amazon and treated less favorably than nondisabled employees. (*See* ECF Nos. 1, 18). Arias's conclusory allegations lack evidentiary support and do not make her ADA claim plausible on its face as required by the *Twombly* standard.

### C.    Dismissal With and Without Prejudice

It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"). Among other variables, a dismissal without prejudice is appropriate if a federal court finds that the plaintiff has not alleged her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

As previously stated, Arias cannot at this late date exhaust her administrative remedies by filing another Charge of Discrimination with the EEOC to assert claims under GINA or the ADEA.

Accordingly, any repleading of these claims would be futile, and they should be dismissed with prejudice. *Hernandez v. Duncanville Sch. Dist.*, No. 3:04-CV-2028-BH (B), 2005 WL 723458, at *11-12 (N.D. Tex. Mar. 29, 2005); *see also Shabazz v. Communs. Workers of America/Texas State Emples. Union*, No. 3:02-CV-2698-M, 2003 WL 22388570, at *11 (N.D. Tex. Sept. 30, 2003).

Although Arias has made many conclusory allegations against Amazon in connection with her claims under Title VII and the ADA, some of which may not be legally viable even if repleaded, the undersigned concludes that she has not properly pleaded her best case and should be permitted to replead her claims in accordance with this Findings, Conclusions, and Recommendation.

## IV.    CONCLUSION

Amazon's Motion to Dismiss (ECF No. 12) should not be granted under Rule 12(b)(5) and should be granted pursuant to Rule 12(b)(6). Arias's claims under GINA and the ADEA should be dismissed with prejudice, and her claims under Title VII and the ADA should be dismissed without prejudice.

## RECOMMENDATION

United States District Judge Reed O'Connor should **GRANT** Amazon's Amended Motion to Dismiss (ECF No. 19) in part and **DENY** it in part. He should **DENY** Amazon's Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) and **GRANT** it under Federal Rule of Civil Procedure12(b)(6). He should **DISMISS WITH PREJUDICE** Arias's claims under the Genetic Information Nondiscrimination Act and the Age Discrimination in Employment Act, **DISMISS WITHOUT PREJUDICE** Arias's claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, and allow her an opportunity to file an amended complaint within the fourteen days allotted for objections to this recommendation. If Arias files an

amended complaint repleading her claims under Title VII and the ADA, the action should be allowed to proceed on the amended complaint.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **February 19**, **2019**.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

14